UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. 10-50118-JLV |
| ) | |
| Plaintiff, ) | |
| ) | ORDER GRANTING |
| vs. ) | CONTINUANCE |
| ) | |
| LUIS OLIVARES, ) | |
| TRAVIS BRANDIS, ) | |
| PRECIOUS BARTLETT, ) | |
| ETHEL THUNDER HAWK, a/k/a ) | |
| SUGAR, a/k/a ETHEL ) | |
| THUNDERHAWK, ) | |
| DEB DILLON, ) | |
| CLAUDETTE LONG SOLDIER, ) | |
| DEREK PETERS, ) | |
| ROBERT GAY, ) | |
| GERALD LONG SOLDIER, ) | |
| CALEB BRACHA, a/k/a GHOST, ) | |
| and COURTNEY KROGMAN, ) | |
| ) | |
| Defendants. ) | |

Trial in the above-captioned case currently is scheduled to begin on September 20, 2011. (Docket 428). Defendant Derick Peters moves for a continuance of the trial on the basis his attorney, who was appointed on August 1, 2011, needs additional time to review discovery provided to him by the government. (Docket 431). The government also moves for a continuance of the trial on the ground that defendant Matt Allen, who has not made his initial appearance in this case, will make his appearance on October 17, 2011, thereby joining him for trial with his co-defendants. (Docket 432). Defendants Courtney Krogman and Travis Brandis object to a continuance on the basis of the Sixth Amendment right to speedy trial and the Speedy Trial Act. (Dockets 435 & 436).

A.  **Sixth Amendment**

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to a speedy trial. U.S. Const. amend. VI. The only remedy for a

violation of this right is dismissal of the indictment.  Barker v. Wingo, 407 U.S. 514, 522 (1972).

A defendant's constitutional right to a speedy trial " 'attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences.' "  United States v. Erenas-Luna, 560 F.3d 772, 776 (8th Cir. 2009) (quoting United States v. McGhee, 532 F.3d 733, 739 (8th Cir. 2008)).  The Sixth Amendment does not specify a time limit in which an accused must be brought to trial.  See U.S. Const. amend. VI.

Because of the "vague" nature of this right, "any inquiry into a speedy trial claim necessitates a functional analysis of the right in the particular context of the case[.]"  Barker, 407 U.S. at 522.  To assist courts in evaluating speedy trial claims, the Barker Court established a four-factor balancing test "in which the conduct of both the prosecution and the defendant are weighed."  Id. at 530.  These factors are the length of the delay, the reason for the delay, the defendant's assertion of his right to speedy trial, and the prejudice to the defendant.  Id.  Because the "length of the delay is to some extent a triggering mechanism[,]" courts need not inquire into the remaining factors "[u]ntil there is some delay which is presumptively prejudicial[.]"  Id.; see also United States v. Chahia, 544 F.3d 890, 898 (8th Cir. 2008) ("With respect to the first factor, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from presumptively prejudicial delay. . . . [I]f the length of the delay is not presumptively prejudicial, [courts] need not examine the other criteria.") (citations and internal quotation marks omitted).

The government indicted Mr. Brandis on December 21, 2010.  (Docket 10).  The government indicted Mr. Krogman on January 19, 2011.  (Docket 22).  The court intends to reschedule the trial in this case to December 13, 2011.  Thus, there will be an approximate one-year delay in bringing Mr. Brandis to trial and an approximate

11-month delay in bringing Mr. Krogman to trial. A delay approaching one year may meet the threshold for presumptively prejudicial delay. Doggett v. United States, 505 U.S. 647, 652 n. 1 (1992). However, "because of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case." Barker, 407 U.S. at 530-31. The issue is whether the delay here gives rise to a presumption of prejudice given the complexity of this multi-defendant drug conspiracy–one of the largest alleged drug conspiracies in this district in recent history. See id. at 531 ("[T]he delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge."). Given the "peculiar circumstances" of this case, the court finds the approximate 11-month delay in bringing Mr. Krogman to trial and approximate one-year delay in bringing Mr. Brandis to trial are not excessive or unreasonable. However, in order to provide a thorough analysis and for the purpose of this discussion only, the court presumes prejudicial delay and will consider the remaining Barker factors.

In consideration of the second Barker factor, the reason for the delay, the court incorporates by reference its previous discussions regarding the appropriateness of joinder in this case. (Dockets 227, 259, & 384). Because the court ultimately finds the statutory and constitutional speedy trial rights of Mr. Krogman and Mr. Brandis are not in jeopardy, the clear preference for joinder remains. There have been three continuances granted in the case prior to the pending motions to continue. (Dockets 140, 259, & 384). All prior continuances resulted from motions filed by various defendants in this case, motions premised on the need to investigate the case, interview witnesses, and review voluminous discovery. The reasons for the continuances were valid and justified appropriate delay. See Barker, 407 U.S. at 531 (noting courts should assign different weights to different reasons for the delay and "a

3

valid reason . . . should serve to justify appropriate delay[]"). Similarly, the court finds the government and Mr. Peters offered valid reasons to support their pending motions to continue. Mr. Peters recently obtained new counsel, who required additional time to review discovery and prepare for trial. (Docket 431). The government requested a continuance in order to join defendant Matt Allen for trial so as to avoid trying him separately. (Docket 432). There is no evidence Mr. Peters or the government filed their motions in an attempt to deliberately delay the trial, obtain a tactical advantage, or hamper the defense of the remaining co-defendants.

The court next considers the third <u>Barker</u> factor, the defendant's responsibility to assert his speedy trial right. Both Mr. Krogman and Mr. Brandis objected to the current motions to continue and asserted their speedy trial rights. (Dockets 435 & 436).

The fourth <u>Barker</u> factor, the prejudice to the defendant, "should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect." <u>Barker</u>, 407 U.S. at 532. Those interests are "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." <u>Id.</u> The last interest is the most serious "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." <u>Id.</u> Here, Mr. Krogman and Mr. Brandis will suffer no demonstrable prejudice from the delay in trial. Neither defendant alleges the delay impaired in any way their ability to prepare proper defenses. For example, they do not allege evidence has become stale or witnesses have become unavailable. Further, the court states in no uncertain terms that further continuances shall not be granted in this case. This clear stance of the court should minimize the anxiety or concern felt by Mr. Krogman and Mr. Brandis over the delay in their trial, although neither expressed any anxiety or concern in their written objections. Finally, the

court notes Mr. Krogman is currently incarcerated on unrelated charges. On April 6, 2011, the court sentenced Mr. Krogman to 11 months of imprisonment. With credit for time served, it appears Mr. Krogman's anticipated release date is November 24, 2011.[1] Trial in this case shall commence shortly thereafter on December 13, 2011. Even assuming Mr. Krogman remains in custody until trial begins in this case, the court does not find such custody to be oppressive. Mr. Brandis has been on pretrial release continuously since April 13, 2011. (Docket 221). Although Mr. Brandis is subject to certain conditions of pretrial release, see id., the court does not find such conditions to be oppressive.

**B.    Speedy Trial Act**

The court incorporates the detailed discussion of the Speedy Trial Act as set forth in its previous orders in this case. (Dockets 227, 259, & 384). Pursuant to 18 U.S.C. § 3161(h)(7)(A), the court finds the ends of justice served by continuing the trial outweigh the best interests of the public and the defendants in a speedy trial. Mr. Peters and his recently-appointed counsel require sufficient time to review discovery and prepare for trial. A brief continuance of the trial is reasonable and necessary given the voluminous discovery and seriousness and complexity of the case. Further, as Matt Allen is scheduled to make his initial appearance in this case on October 17, 2011, a brief continuance will ensure he is joined for trial and judicial resources are not wasted by requiring separate trials.

In accord with the above discussion, the court overrules the objections filed by Mr. Krogman and Mr. Brandis to the pending motions to continue. The court finds a continuance of the trial does not violate the statutory and constitutional rights of Mr. Krogman and Mr. Brandis to a speedy trial. Trial shall commence on December 13,

---

[1]This information is available at the Bureau of Prison's online inmate indicator. See http://www.bop.gov/iloc2/LocateInmate.jsp.

5

2011.  **There shall be no further continuances granted in the case.**  Good cause appearing, it is hereby

ORDERED that the motions to continue filed by Mr. Peters and the government (Dockets 431 & 432) are granted and the following deadlines shall apply to all parties:

| | |
|---|---|
| Applications for Writ of Habeas Corpus Ad Testificandum | November 21, 2011 |
| Other motions | November 21, 2011 |
| Responses to motions due | Within seven days after motion is filed |
| Subpoenas for trial | November 28, 2011 |
| Plea agreement or petition to plead and statement of factual basis | November 28, 2011 |
| Notify court of status of case | November 28, 2011 |
| Motions *in limine* | November 28, 2011 |
| Proposed jury instructions due | November 28, 2011 |
| Evidentiary hearing, if necessary | Thursday, December 1, 2011, at 1:30 p.m. |
| Pretrial conference | Monday, December 12, 2011, at 2 p.m. |
| Jury trial - **DATE CERTAIN** | Tuesday, December 13, 2011, at 9 a.m. |

The period of delay resulting from this continuance is excluded in computing the time within which the trial of the case must commence. 18 U.S.C. § 3161(h)(7)(A).

Defendants who do not object to the continuance **must** file waivers of their speedy trial rights under the Speedy Trial Act **and** the Sixth Amendment.  Waivers must be filed on or before **September 14, 2011**.  The filing of waivers by September 14, 2011, is **mandatory**.

All other provisions of the court's scheduling and case management order (Docket 299) remain in effect unless specifically changed herein.

Dated September 13, 2011.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE