**FILED**

FEB 1 0 2012



CLERK

# UNITED STATES DISTRICT COURT

### District of South Dakota, Western Division

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| vs. | |
| | Case Number:  5:10CR50118-05 |
| DEB DILLON | USM Number:  11876-073 |
| | |
| | Bruce H. Ellison |
| | Defendant's Attorney |

## THE DEFENDANT:

■   pleaded guilty to count(s) 1 of the Superseding Information

☐   pleaded nolo contendere to count(s)  which was accepted by the court.

☐   was found guilty on count(s)  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), all in violation of 21 U.S.C. § 843(b) | Use of a Communication Facility in Causing or Facilitating the Commission of a Felony Under the Controlled Substances Act | 11/9/2010 | 1s |

The defendant is sentenced as provided in this judgment.  The sentence is imposed pursuant the statutory and constitutional authority vested in this court.

☐   The defendant has been found not guilty on count(s) _____

■   Count(s) 1 and 15 of the Superseding Indictment as they relate to the defendant are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

02/08/2012
Date of Imposition of Judgment

Signature of Judge

Jeffrey L. Viken, United States District Judge
Name and Title of Judge

Date

DEFENDANT:      DEB DILLON
CASE NUMBER:    5:10CR50118-05

## IMPRISONMENT

■    The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
     36 months.

■    The court makes the following recommendations to the Bureau of Prisons:
     The history of substance abuse indicates the defendant would be an excellent candidate for the Bureau of Prisons' substance abuse treatment program under 18 U.S.C. § 3621(e).  It is recommended the defendant be allowed to participate in that program and, if successful, the term of incarceration be reduced.

■    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

    ☐    at  _____    ☐a.m.    ☐p.m. on  _____.

    ☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐    before 2 p.m.    _____.

    ☐    as notified by the United States Marshal.

    ☐    as notified by the Probation or Pretrial Services Offices.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on  _____  to  _____

at  _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL


By_____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:        DEB DILLON
CASE NUMBER:      5:10CR50118-05

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: 1 year.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another <u>federal, state, local, or tribal</u> crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the probation office.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

■    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

■    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:     DEB DILLON
CASE NUMBER:    5:10CR50118-05

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall undergo inpatient/outpatient psychiatric or psychological treatment, as directed by the probation office and take any prescription medication as deemed necessary by her treatment provider.

2. The defendant shall participate in a program approved by and at the direction of the probation office for treatment of substance abuse.

3. The defendant shall not consume any alcoholic beverages or intoxicants. Furthermore, the defendant shall not frequent establishments whose primary business is the sale of alcoholic beverages.

4. The defendant shall reside and participate in a residential reentry center as directed by the probation office. The defendant shall be classified as a prerelease case.

5. The defendant shall submit to a warrantless search of her person, residence, place of business, or vehicle, at the discretion of the probation office.

6. While under supervision in the District of South Dakota, the defendant shall participate in the DROPS program as directed by the probation office.

DEFENDANT:        DEB DILLON
CASE NUMBER:      5:10CR50118-05

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|          | **Assessment** | **Fine** | **Restitution** |
|----------|------------|------|-------------|
| **TOTALS** | $ 100.00 | $ waived | $ |

☐    The determination of restitution is deferred until .
     An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐    The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

     If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority Or Percentage** |
|---|---|---|---|
| | | | |

**TOTALS**                    $ _____  $ _____

☐    Restitution amount ordered pursuant to plea agreement $

☐    The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐    The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

     ☐    the interest requirement is waived for the    ☐ fine    ☐ restitution.

     ☐    the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT:        DEB DILLON
CASE NUMBER:      5:10CR50118-05

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**  ■  Lump sum payment of $ 100.00 _____ due immediately.

       □    not later _____ , or
       □    in accordance   □  C,     □  D,     □  E, or     □  F below); or

**B**  □  Payment to begin immediately (may be combined with   □  C,     □  D,     □  F below); or

**C**  □  Payment in equal <u>weekly</u> (e.g., weekly, monthly, quarterly) installments of $ over a period of (e.g., months or years), to commence (e.g., 30 or 60 days) after the date of this judgment; or

**D**  □  Payment in equal <u>weekly</u> (e.g., weekly, monthly, or quarterly) installments of $ over a period of (e.g., months or years), to commence (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  □  Payment of the criminal monetary penalties shall be due in regular quarterly installments of of the deposits in the defendant's inmate trust account while the defendant is in custody. Any portion of the monetary obligation(s) not paid in full prior to the defendant's release from custody shall be due in monthly installments of , such payments to begin, days following the defendant's release; or

**F**  □  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

□  Joint and Several

    Defendant and Co-Defendant Names and Case Number (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

□  The defendant shall pay the cost of prosecution.

□  The defendant shall pay the following court cost(s):

□  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs